FILED
AUG. 17, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONCIER BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:21-cv-02035 (UNA) |
| ) | |
| ) | |
| BROOKFIELD PROPERTIES ) | |
| MULTIFAMILY LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP").  The court will grant plaintiff's IFP application and dismiss the complaint pursuant for want of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction).

Plaintiff, a resident of the District of Columbia, sues a property management company and some of its employees.  The defendants are also all located in the District of Columbia.  Plaintiff asserts that is he entitled to $5 million in damages from defendants based on his status as a Moorish-American national.  It appears that the root of the controversy, if any, may arise from plaintiff's eviction from one of defendants' properties, and ensuing disagreements over same.

Plaintiff references some federal authority, though the court finds no applicability of any such reliance to the existing claims, as best they can be understood.  He also indicates his intention to bring this case based on diversity of citizenship, however, all parties are located in the District of Columbia. " '[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff,' and therefore 'diversity jurisdiction is not . . . available when

any plaintiff is a citizen of the same State as any defendant." *Lyles v. Hughes*, 964 F. Supp. 2d 4, 8 (D.D.C. 2013) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff fails to raise any federal question. As noted, he also fails to satisfy the burden to establish diversity jurisdiction. And to the extent that plaintiff seeks to bring a landlord-tenant action, jurisdiction is sounded in the Superior Court for the District of Columbia. *See* D.C. Code §§ 45-1409, 42-3209, 16-1501, *et seq*.

Therefore, this complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: August 17, 2021         /s/_____
                              EMMET G. SULLIVAN
                              United States District Judge